UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON BUCHHOLZ,

    Plaintiff,

v.                                            CASE NO. 8:11-cv-2529-T-23TAM

SHERIFF DAVID GEE, *et al.*,

    Defendants.
_____/

## O R D E R

Buchholz's civil rights complaint alleges that, while confined in the Hillsborough County jail, the defendants violated his religious freedom rights by impeding his practicing of the Krishna Consciousness Faith. (Doc. 1) The defendants moved to dismiss, which motion was granted. (Doc. 33)

In a counterclaim (Doc. 31), the defendants seek monetary damages for the statutory costs of Buchholz's pre-trial detention. (Doc. 31) Because he appears *pro se*, an earlier order (Doc. 32) both "cautioned [Buchholz] that the failure to oppose the counterclaim could result in a judgment for the defendants for the statutory cost of detention" and advised Buchholz that "the failure to . . . respond to the counterclaim will result in a judgment for the defendants." Buchholz filed no response.

As directed in the earlier order (Doc. 33) the clerk entered a default against Buchholz (Doc. 35), and the defendants have moved for a default judgment. (Doc. 36) The counterclaim must have merit independent of Buchholz's failure to oppose. The counterclaim has merit.

Buchholz's civil rights complaint challenges the conditions of his pre-trial detention in the Hillsborough County jail. Because the counterclaim–which seeks the statutory costs of Buchholz's detention in the Hillsborough County jail–both arises from the same occurrence as Buchholz's claim and requires adding no other party, the counterclaim is compulsory under Rule 13(a)(1), Federal Rules of Civil Procedure. The defendants cite Sections 960.292(1), 960.293(2)(b), and 960.297, Florida Statutes, as authorization for their recovering of the cost of detention in a counterclaim. *Hager v. Miller*, No. 00-12814, 2001 WL 35968107, at *2 (11th Cir. July 10, 2001), although not binding precedent,* supports the defendants' entitlement to recover the statutory costs of Buchholz's detention.

> Under Florida Statute § 960.297, "[t]he state and its local subdivisions, in a separate civil action or as [a] counterclaim in any civil action, may seek recovery of the damages and losses set forth in s. 960.293." Fla. Stat. § 960.297(1). Section 960.293 states that "[u]pon conviction, a convicted offender is liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs." Fla. Stat. § 960.293(2). "If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50 per day of the convicted offender's sentence shall be assessed

---

* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> against the convicted offender and in favor of the state or its local subdivisions." Fla. Stat. § 960.293(2)(b). We conclude that, because Hager was convicted for burglary and incarcerated for 234 days in the Brevard County Jail, the district court properly granted the defendants' motion for judgment as a matter of law on their counterclaim.

The defendants are entitled to a judgment on their counterclaim. Buchholz was confined in the Hillsborough County jail from April 29, 2011, until November 17, 2011, a total of 202 days. According to the judgment of conviction, Buchholz was credited with the time served in pre-trial detention. As a consequence, because Section 960.293(2)(b) authorizes the recovery of fifty dollars "per day of the convicted offender's sentence," the defendants are entitled to recover $10,100 on their counterclaim.

Accordingly, the defendants' motion for a default judgment (Doc. 36) is **GRANTED**. The clerk must enter a judgment for the defendants on their counterclaim for $10,100 and close this case

ORDERED in Tampa, Florida, on September 25, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 3 -